UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                             No. 10-154

DAVID WARREN ET AL.                                    SECTION I

### ORDER

Before the Court is a motion[1] filed by defendant, David Warren, raising five constitutional challenges to Count 2 of the indictment and seeking dismissal of that count. For the following reasons, the motion is **DENIED**.

As both Warren[2] and the government[3] acknowledge, Warren's first four constitutional challenges, premised on principles of due process, equal protection, double jeopardy, and cruel and unusual punishment, were rejected by this Court during the prior proceedings.[4] Warren has not identified new authority or arguments in support of these challenges, and the Court concludes that relief on these grounds is unavailable. Precedent from the U.S. Court of Appeals for the Fifth Circuits forecloses the due process challenge. *See United States v. Ramos*, 537 F.3d 439, 456-58 (5th Cir. 2008) (concluding that controlling cases have applied § 924(c) to law enforcement officers and that "defendants' attempt to distinguish these controlling cases assumes their versions of the facts, specifically, that [the individual who was shot] posed a specific threat to their physical safety").

---

[1] R. Doc. No. 684.
[2] *Id.* at 2.
[3] R. Doc. No. 707, at 1.
[4] *E.g.*, R. Doc. No. 476.

-1-

With respect to the equal protection challenge, the Fifth Circuit considered such a challenge in *Ramos* and held that "defendants' argument ignores the amendment to the statute that was specifically intended to bring police officers within the statue's reach, and the statue's requirement that the use of a firearm be connected to a crime of violence." *Id.* at 458 n. 15. As to the double jeopardy argument, the two crimes "each requires proof of a fact that the other does not," satisfying the test set forth in *Blockburger v. United States*, 294 U.S. 299, 304 (1932). Finally, the Court concludes that Warren's Eighth Amendment challenge is unpersuasive and premature.

Warren's fifth constitutional argument is premised on the Tenth Amendment. Conceding that Congress can criminalize police officers' conduct with a weapon in some circumstances, Warren requests that the Court dismiss Count 2 because the application of § 924(c) to a police officer whose use of a weapon was "otherwise in the line of duty" would violate the Tenth Amendment.[5]

The Fifth Circuit has rejected an argument that § 924(c) violates the Tenth Amendment, concluding that "[i]f the passage of a federal criminal statute is a valid exercise of Congress' commerce power, no violation of the Tenth Amendment can occur." *United States v. Owens*, 996 F.2d 59, 61 (5th Cir. 1993) (quotation and modification omitted). Warren does not contend that § 924 is beyond the commerce power or that the rule in *Owens* does not apply. *See id.*; *see also United States v. Creech*, 408 F.3d 264, 267 (5th Cir. 2005) (quoting *id.*).

As part of his Tenth Amendment challenge to the indictment, Warren also suggests that Congress intended § 924 to "address the situation where a police officer, while on duty, utilizes his weapon as part of an additional criminal act such as protecting drug trafficking or counterfeiting."[6]

---

[5]R. Doc. No. 684-1, at 9.
[6]*Id.* at 7.

This argument appears similar to one made in *Ramos*, in which defendants argued "essentially that § 924(c)(1)(A) cannot be applied to law enforcement officers unless those officers are engaged in particularly egregious conduct so as to place them completely outside their law enforcement duties and authority." 537 F.3d at 458. The *Ramos* court rejected the argument, concluding that under Fifth Circuit precedent, "§ 924(c)(1)(A) has application whenever a law enforcement officer uses a firearm when he is committing a crime of violence against another." *Id.* Accordingly, Warren's Tenth Amendment argument fails.

Alternatively, Warren requests a jury instruction and/or interrogatory with respect to whether his actions were "otherwise in the line of duty."[7] In doing so, he refers to the *Ramos* court's statement that "whether 18 U.S.C. § 924(c) may be applied to officers *otherwise acting lawfully in carrying out their duties* is not the question before us. Thus our analysis does not assume . . . as the defendants would have it, that the defendants acted in self-defense or for the safety of others." 537 F.3d at 456 (emphasis added). The Court agrees with the government that resolution of this issue would be overly speculative absent a proposed jury instruction or interrogatory.[8]

**IT IS ORDERED** that the motion is **DENIED** without prejudice to Warren's right to re-urge his jury instruction or interrogatory request at a later date.

New Orleans, Louisiana, April 22, 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[7] *Id.* at 10.
[8] R. Doc. No. 707, at 6.