UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                    **CRIMINAL ACTION**

**VERSUS**                                                                            **No. 10-154**

**DAVID WARREN ET AL.**                                             **SECTION I**


**ORDER AND REASONS**

Before the Court is a motion[1] filed by defendant, David Warren, in which he seeks release on bond because his continued detention allegedly violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution. In the alternative, the motion requests that the Court reconsider its prior order[2] denying Warren's release on bond. The government has filed an opposition.[3] For the following reasons, the motion is **DENIED**.

Warren was arrested on June 11, 2010,[4] and has been detained since that date. His first trial occurred on November 8, 2010, after one continuance justified by several factors, including the complexity of the case and the need to prepare a jury questionnaire.[5] On December 9, 2010, the jury convicted Warren on two counts.[6] The U.S. Court of Appeals for the Fifth Circuit vacated Warren's conviction on December 17, 2012.[7] The Fifth Circuit's mandate was issued on January 8, 2013.[8]

---

[1] R. Doc. No. 711.
[2] R. Doc. No. 708.
[3] R. Doc. No. 717.
[4] *Id.* at 4.
[5] R. Doc. No. 127.
[6] R. Doc. No. 427.
[7] R. Doc. No. 632-1.
[8] R. Doc. No. 632.

Warren's re-trial was scheduled to begin March 11, 2013, but Warren requested a continuance,[9] which the government did not oppose. The Court agreed that the case's complexity and the need to prepare a revised jury questionnaire, among other reasons, justified a continuance, and trial is currently scheduled for August 26, 2013.[10] Warren challenges his continued detention on procedural and substantive due process grounds, and additionally seeks reconsideration of the Court's prior order denying Warren's release on bond.

"The Due Process Clause of the Fifth Amendment forbids pretrial detention that is punitive, rather than regulatory, in nature." *United States v. Stanford*, 394 F. App'x 72, 74 (5th Cir. 2010) (citing *United States v. Salerno*, 481 U.S. 739, 747 (1987)). In *United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989), the U.S. Court of Appeals for the Fifth Circuit set forth the standard applicable to Warren's due process challenge:

> In determining whether due process has been violated, a court must consider not only factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.

There is "no specific limit on the length of pretrial confinement," and courts must assess the *Hare* factors "on a case-by-case basis." *Id.*

In considering the initial detention factors, the Court previously concluded that "[t]he government has satisfied its burden of proof regarding the detention issue, and defendant is detained

---

[9]R. Doc. No. 648.
[10]R. Doc. No. 659.

as no condition or combination of conditions will reasonably assure his appearance and the safety of any other person and the community."[11] The Court nonetheless has again considered these factors in the context of Warren's due process challenge and incorporates its prior written explanation. *See United States v. Stanford*, 722 F. Supp. 2d 803, 807 (S.D. Tex. 2010) (no need to "re-hash" factors previously considered") *aff'd*, 394 F. App'x at 75 ("We agree with the district court that the factors that so firmly supported the initial denial of pretrial bail also firmly support Stanford's continued detention.").

With respect to the first *Hare* factor, Warren has been detained for nearly three years, and his trial will not occur for several months. The government notes that approximately two years of that time occurred during the pendency of Warren's post-trial motions and his appeal,[12] and urges that "it is inappropriate to assess this twenty-five (25) month period under a 'due process' analysis, as Warren was detained following a finding of guilt."[13] But the government does not cite case law that distinguishes between detention during the pendency of an appeal and other pretrial (or pre-retrial) detention. The Court need not reach this argument, however, because Warren's continued detention survives both his due process and his reconsideration challenge without subdividing his detention into pretrial, post-trial, and pre-retrial components. Accordingly, the Court considers Warren's approximately 36 months of detention as a single unit of time. Such a term of detention has survived due process challenges before, and the Court finds this factor, in the specific context

---

[11]R. Doc. No. 708, at 5.
[12]R. Doc. No. 717, at 5.
[13]*Id.* at 6.

of this case, does not suggest that Warren's detention is punitive rather than regulatory. *Stanford*, 394 F. App'x at 74 (citing cases upholding comparable terms of pretrial detention).[14]

As to the second *Hare* factor, the speculative nature of future detention, the Court has already ruled that it will not change venue without review of jury questionnaires and/or voir dire.[15] Warren argues that the possibility of a future change of venue could further delay the proceedings, and he urges the Court to grant a change of venue sooner rather than later.[16] Elsewhere, however, he has urged the Court to delay the jury questionnaire process until the cusp of trial.[17] At this point, trial is firmly scheduled to proceed on August 26, 2013. If jury questionnaires and/or individual voir dire demonstrate a venue transfer is warranted pursuant to Federal Rule of Criminal Procedure 21(a), such a transfer will not impose significant additional delays.[18] The Court is committed to trying this case as expeditiously as possible, mindful of Warren's continued pretrial detention and of the need for a careful, fair, and thorough trial.

The third *Hare* factor takes into account the relationship between a case's complexity and the time required to prepare for trial. The government acknowledges the complexity of this case, which involves over 8000 pages of discovery and numerous witnesses, including experts.[19] While Warren does not address this factor in his brief, he stated in his motion for a continuance of the trial date: "The defendant, David Warren[,] submits that this case is so unusual and/or complex due to

---

[14]*See also id.* at 5 (citing additional cases).
[15]R. Doc. No. 709.
[16]R. Doc. No. 711-1, at 4.
[17]R. Doc. No. 714, at 3 ("If the Court is to use the process of a questionnaire, Warren objects to the early submission of the proposed jury questionnaire unless . . . [there is] a minimal amount of time between filling out the questionnaire and actual individual voir dire.").
[18]The parties have indicated during status conferences, for example, that they would likely not request jury questionnaires should there be a change of venue.
[19]R. Doc. No. 717, at 5-6.

the nature of the prosecution, number of witnesses, and the amount of documentary evidence that it would be unreasonable to expect adequate preparation for pretrial proceeding[s] or the trial itself within the time limits established by the Speedy Trial Act."[20] The same motion also accurately acknowledged the "many legal and evidentiary issues" presented for pretrial disposition.[21] The Court finds that the complexity of this matter, including the number of substantive pretrial motions, demonstrates that continued detention would be regulatory rather than punitive.

Warren argues that the fourth *Hare* factor, whether the strategy of either side occasions the delay, weighs in favor of his due process challenge. He argues that the government's strategy was to secure "Warren's initial detention by threats of a death sentence" and to try Warren with the other defendants, which necessitated a retrial.[22] The government contends that its "intent when requesting a joint trial was actually to prevent the duplication of time and judicial resources."[23] The Court finds that while the–obviously unintended– effect of failing to sever the previous trials was an appeal and retrial, the government's strategy contributed only indirectly to these delays. Moreover, as the government argues, Warren's strategy with respect to retrial includes the presentation of numerous substantive motions, which both parties acknowledge require additional time to resolve.[24] Such "delays caused by the defendant do not raise due process problems." *Stanford*, 722 F. Supp. 2d at 810 (citation omitted).

---

[20]R. Doc. No. 648, at 1-2.
[21]*Id.*
[22]R. Doc. No. 711-1, at 5.
[23]R. Doc. No. 717, at 6.
[24]By labeling these motions part of Warren's "strategy," the Court does not imply that they are unfounded or otherwise lack merit.

Warren additionally argues that his pretrial detention affects his ability to participate in his own defense.[25] He asserts that "a change in the Government's theory of the case," for example, necessitates that he and his counsel "inspect the shopping center where this incident occurred."[26] While not unsympathetic to the preparation challenges that pretrial confinement poses, and taking into account counsel's travel time, the Court finds that the totality of the circumstances requires continued detention, and that such detention is regulatory rather than punitive. *See Stanford*, 394 F. App'x at 76 ("To the extent that *Hare* may allow consideration of how pretrial detention affects the defendant's ability to participate in his own defense, Stanford has not shown that this factor would call for his release, particularly in light of the other factors supporting his continued detention.").

He also argues that the Court should give weight to the Fifth Circuit's observation that "there was no evidence that Warren acted dishonestly or was in any way associated with the acts of his co-defendants, officers in obstructing justice and covering up evidence."[27] *United States v. McRae*, 702 F.3d 806, 823 (5th Cir. 2012). The Court is cognizant that David Warren has never been associated with the cover-up attributed to his co-defendants. Considering the specific circumstances of this case, including the trial evidence directed to Warren, and all of the factors relevant to the detention determination, including the *Hare* factors, the Court concludes that continued detention is necessary and that it does not violate due process.

Separately, Warren urges that his continued detention is inconsistent with substantive due process. His argument here is generally coextensive with his motion for reconsideration, insofar as

---

[25]R. Doc. No. 711-1, at 6.
[26]*Id*. at 6.
[27]*Id.* at 5-6.

-6-

it suggests his personal qualities and other relevant factors demonstrate that he is not a danger to the community or a flight risk.[28] The Court considers the arguments together.

Warren urges the Court to reconsider its legal conclusion that the maximum statutory sentence remains the relevant measure for purposes of bond consideration. According to Warren, the Court should only consider the maximum statutory sentence for bond purposes if the government is able to present additional information that would justify imposition of life imprisonment after retrial.[29] Once again, however, Warren fails to offer any legal authority supporting this position. Although he cites *North Carolina v. Pearce*, 395 U.S. 711, 723 (1969), the government correctly highlights that *Pearce* does not address bond determinations and, more generally, it does not preclude a court from imposing the statutory maximum sentence after a retrial, even where a lesser sentence was previously imposed.[30] Considering the statutory maximum sentence, and all other circumstances relevant to pretrial detention, the Court remains convinced that the government has met its burden. Warren is detained as no condition or combination of conditions of release will reasonably assure his appearance and the safety of any other person and the community.

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, May 8, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[28]*Id.* at 7.
[29]*Id.* at 10-11.
[30]R. Doc. No.717, at 3-4.