UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 10-154 |
| DAVID WARREN | SECTION I |

### ORDER AND REASONS

Before the Court is a motion[1] filed by the United States of America to dismiss the 18 U.S.C. § 924(j) component of Count 2 of the second superseding indictment ("indictment") against defendant, David Warren ("Warren"). Warren has filed an opposition.[2] For the following reasons, the motion is **GRANTED**.

An overview of the indictment, the underlying criminal statutes, the prior trial, and the jury's verdict can be found in this Court's order and reasons denying Warren's motion to dismiss the indictment.[3]

Count 2 currently reads:

### Count 2
### (Use of Weapon During Commission of a Crime of Violence)

On or about September 2, 2005, in the Eastern District of Louisiana, defendant, **DAVID WARREN,** knowingly used, discharged, and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a felony crime of violence prosecutable in a court of the United States; that is, the defendant possessed, carried, discharged, and used a .223 caliber SIG ARMS, Inc., Model SG 550-

---

[1] R. Doc. No. 751.
[2] R. Doc. No. 755, at 5.
[3] R. Doc. No. 727, at 1-4.

-1-

> ISP rifle, with serial number 80002, during the commission of the civil rights offense charged in Count 1 and incorporated herein.
>
> In the commission of this offense, the defendant caused the death of Henry Glover through the use and discharge of the firearm. Glover's death involved circumstances constituting murder as defined in Title 18, United States Code, Section 1111; all in violation of Title 18, United States Code, Sections 924(c) and (j).

The government seeks to dismiss the § 924(j) component of Count 2 because the § 924(j) "manslaughter charge has no impact on sentencing" in light of the 2005 penalties that apply.[4] Warren argues that the § 924(j) component constitutes a "material element of the offense" and, accordingly, that the government may only pursue this change through re-submission to the grand jury.[5]

"'The Fifth Amendment allows criminal prosecutions only on the basis of an indictment and only a grand jury may amend an indictment.'" *United States v. Cooper*, 714 F.3d 873, 877-78 (5th Cir. 2013) (quoting *United States v. Gonzales*, 436 F.3d 560, 577 (5th Cir. 2006)). An indictment is impermissibly "amended when it is so altered as to charge a different offense from that found by the grand jury." *United States v. Miller*, 471 U.S. 130, 144-45 (1985) (quoting *Ex parte Bain*, 121 U.S. 1, 7 (1887)). "[T]he Supreme Court has held that withdrawing a part of a charge from the consideration of the jury does not work an amendment of the indictment." *Thomas v. United States*, 398 F.2d 531, 540 (1967). Specifically, "where an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the

---

[4]R. Doc. No. 737, at 2; *see also* R. Doc. No. 751-2, at 2 n.1. The relationship between the murder and manslaughter components is also addressed in the prior order and reasons. R. Doc. No. 727, at 4-8.
[5]R. Doc. No. 755, at 5.

indictment." *Miller*, 471 U.S. at 147 (quoting *United States v. Ballard*, 322 U.S. 78, 90-91 (1944) (Stone, C.J., dissenting)).

Warren contends that the § 924(j) component is "a material element of the offense, and not merely a sentencing enhancer."[6] Warren additionally contends that the amended indictment would be "purposefully vague and contrary to the double jeopardy bar."[7] The government argues that the § 924(j) component of the indictment describes "aggravating sentencing factors and increased penalties if death results from the use of a firearm" and that dismissing the § 924(j) component "simply narrows the indictment by removing the additional sentencing factors."[8]

The Court disagrees with Warren's assertion that "for this Court to rule on the government's Motion to Dismiss, it must necessarily decide whether the § 924(j) and § 1111 component of Count 2 of the indictment were an 'element' of the offense charged."[9] Warren appears to concede that the government could dismiss a sentencing enhancement without impermissibly amending the indictment. Accordingly, the Court focuses on whether, assuming the § 924(j) component is an element of a criminal offense, the government can dismiss that component without impermissibly amending the indictment.

Warren relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the U.S. Supreme Court held that to impose the penalty set forth in § 924(c)(1)(A)(ii), which increases a § 924(c) sentence to a 7-year minimum when a defendant brandishes a firearm, the jury, rather than the judge, must make the finding that the defendant brandished the firearm. *Id.* at 2160-63. The

---

[6] R. Doc. No. 755, at 5-6.
[7] *Id.*
[8] R. Doc. No. 751-2, at 1, 3.
[9] R. Doc. No. 755, at 4. The Court previously noted that the U.S. Court of Appeals for the Fifth Circuit has not addressed this issue. R. Doc. No. 581, at 4.

Supreme Court emphasized that, in this context, "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury." *Id.* at 2161; *see also id.* at 2162 (referring to a "new" and "separate, aggravated offense"); *id.* at 2163 (referring to a "distinct and aggravated crime").

Even applying Warren's interpretation of *Alleyne*,[10] the prosecution is simply dismissing the additional element supporting the aggravated § 924(j) offense and maintaining the elements supporting the lesser included § 924(c) offense. *See United States v. Parkes*, 497 F.3d 220, 234 (2d Cir. 2007) ("18 U.S.C. § 924(c) is a lesser included offense of 18 U.S.C. § 924(i)(1)."); *United States v. Jimenez-Torres*, 435 F.3d 3, 10 (1st Cir. 2006) (same); *see also United States v. McRae*, 702 F.3d 806, 828 n. 12 (5th Cir. 2012) (Warren's § 924(c) charge "incorporated" the § 924(j) component.). The "'lesser included offense doctrine' permits the court to charge the jury on a lesser *unindicted* offense where that offense is complete upon commission of 'some of the elements of the crime charged.'" *Fransaw v. Lynaugh*, 810 F.2d 518, 529 (5th Cir.1987) (emphasis added) (quoting *Berra v. United States*, 351 U.S. 131 (1956)). Here, the indictment expressly charges the § 924(c) offense. "The right of the prosecution to move for and the court to grant dismissal of an Indictment or separate counts thereof is a hornbook principle." *Thomas*, 398 F.2d at 537.

---

[10]The Court assumes without deciding that the logic in *Alleyne* extends to the present case. It is significant, however, that *Alleyne* addresses facts that "increase[] a sentencing floor," and the 2005 § 924(j) manslaughter penalty at issue here does not increase the sentencing floor because the 2005 § 924(j) voluntary manslaughter penalty is a maximum sentence of ten years' imprisonment and the applicable § 924(c) penalty is a minimum sentence of ten years' imprisonment. The current § 924(j) voluntary manslaughter penalty, which would not apply to Warren, is a maximum sentence of 15 years' imprisonment.

Warren contends that the amended indictment is not "specific enough to protect the defendant against a subsequent prosecution for the same offense,"[11] but he fails to identify how the amended indictment is overly vague. The case he cites addresses an argument that certain elements were missing from the indictment, but Warren has made no such argument. *See Threadgill*, 172 F.3d at 366-67. Warren cites no legal authority to support the proposition that the government's theory of the case, which may or may not include testimony that Henry Glover was shot in the back, cannot be advanced where, as here, the charge or sentencing enhancement of which Warren was acquitted is dismissed[12] and the only remaining charges are ones of which he was previously convicted.

Warren also argues that the amendment does not provide him with "fair warning to prepare a defense and protect against double jeopardy."[13] But Warren has failed to identify how dismissing the § 924(j) charge will actually prejudice his defense. *See United States v. Mitchell*, 484 F.3d 762, 773 (5th Cir. 2007) (A lesser included offense conviction does not prejudice defendants' rights.) (citing *United States v. Solorio*, 337 F.3d 580, 590 (6th Cir. 2003)); *see also United States v. Ashley*, 606 F.3d 135, 142 (4th Cir. 2010) (same).

The government may dismiss the § 924(j) component of the indictment, and the jury will be instructed solely as to the § 924(c) component. *See United States v. Ginyard*, 511 F.3d 203, 210 (D.C. Cir. 2008) (concluding that when the second trial is limited to a lesser included offense, courts may advise the jury only as to the lesser included offense and can "redact or revise" any copy of the indictment received by the jury).

For the foregoing reasons,

---

[11]R. Doc. No. 755, at 6 (quoting *United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999)).
[12]The government is also dismissing the § 924(j) charge of which he was convicted.
[13]R. Doc. No. 755, at 7 (citing *United States v. Haas*, 583 F.2d 216 (5th Cir. 1978)).

**IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the government shall file an edited version of the indictment with the modifications proposed in its motion on or before **Wednesday, July 31, 2013**.

**IT IS FURTHER ORDERED** that Warren may file any related, responsive, or renewed motions in this case on or before **Friday, August 2, 2013**. Responses shall be due on or before **Monday, August 12, 2013**, on which date the motions shall be taken under advisement.

**IT IS FURTHER ORDERED** that the motion[14] filed by David Warren relative to a manslaughter instruction is **DISMISSED AS MOOT**.

New Orleans, Louisiana, July 25, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. No. 734.