UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-154 |
| DAVID WARREN | SECTION "I" (3) |

## ORDER

On August 21, 2013, the Motion for Bill of Particulars Under Rule 7(f) [Doc. #769] came on for oral hearing before the undersigned.[1]  Present were Tracey Knight on behalf of the government and Richard Simmons and Dan Chiorean on behalf of defendant David Warren.  After the oral hearing, the Court took the motion under advisement.  Having reviewed the motion, the opposition and the case law, the Court rules as follows.

**I.  Background**

This case arises from the shooting death of Henry Glover, and is generally known to the public and sometimes referred to herein as "the Henry Glover case."  In June 2010, five members or former members of the New Orleans Police Department were indicted for events surrounding the shooting of Glover on September 2, 2005, the burning of Glover's body, and the alleged preparation of a false police report concerning those events.  The shooting occurred in the immediate wake of

---

[1]  The District Court referred this motion to this Court on August 6, 2013 under 28 U.S.C. § 636(b)(1)(A).  [Doc. #773].

Hurricane Katrina, and the case almost instantly drew extensive media attention, especially in the Eastern District of Louisiana.

The trial occurred from November 8, 2010 to December 9, 2010, following which defendants Warren, McRae and McCabe were convicted. McCabe's convictions were vacated by the District Court's order dated May 4, 2011, which granted defendant McCabe a new trial based on newly-discovered evidence. The District Court's order granting defendant McCabe a new trial was affirmed by the United States Court of Appeal, Fifth Circuit, on December 17, 2012. *United States v. McRae*, 702 F.3d 806 (5th Cir. 2012), and the case has been remanded to this District Court for further proceedings. The Fifth Circuit also vacated Warren's conviction on the ground that the District Court erred when it failed to sever Warren's trial from his co-defendants. The Fifth Circuit remanded Warren's case for a new trial. With respect to McCrae, the Fifth Circuit reversed one conviction but upheld three others.

On August 2, 2013, Warren moved for a bill of particulars and asked the government to respond to specific questions regarding the indictment. On August 13, 2013, the government responded to each question. Through his reply, Warren now challenges five of the government's responses.

## II.    Law and Analysis

Federal Rule of Civil Procedure 7(f) of the Federal Rules of Criminal Procedure provides the authority under which a bill of particulars may be obtained. The purpose of a bill of particulars is to inform an accused of the charges against him with sufficient particularity to reduce surprise at trial, to enable adequate defense preparation with the exercise of due diligence and to allow a defendant to plead double jeopardy. *United States v. Vesich*, 726 F.2d 168, 169 (5th Cir. 1984). A

bill of particulars should not be used to compel the United States to produce a "detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (citing *United States v. Sheriff*, 546 F.2d 604 (5th Cir. 1977)); *see also Downing v. United States*, 348 F.2d 594, 598 (5th Cir.1965) (noting that a bill of particulars is not be used "for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial."). Information necessary for trial preparation should be provided. Generalized discovery is not an appropriate function of a bill of particulars, and it is not a proper purpose in seeking such a bill. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978).

When the information sought by a bill of particulars is contained in discovery materials furnished under Rule 16, no claim of prejudicial surprise can be sustained. *United States v. Elam*, 678 F.2d 1234, 1253 (5th Cir. 1982); *United States v. Sullivan*, 421 F.2d 676, 677 (5th Cir. 1970). "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000), *overruled on other grounds by United States v. Longoria*, 298 F.3d 367 (5th Cir. 2002).

Warren first challenges the government's response to Inquiry Nos. 5 and 10. In those two inquiries, Warren seeks to determine the nature of the criminal intent of the crimes charged in Count II and in Count I. With regard to Inquiry No. 5 (Count II), the government responded that "[t]he elements of 18 U.S.C. §924(c) are: (1) that the defendant committed a crime of violence, and (2) that the defendant knowingly used, carried or discharged a firearm during and in relation to the crime, or knowingly possessed a firearm in furtherance of the crime. Fifth Circuit Pattern Jury Instructions

3

Criminal §2.48 (2012)." [Doc. #779 at p. 2]. With regard to Inquiry No. 10 (Count I), the government responded, "The elements of 18 U.S.C. §242 are: (1) [t]he defendant deprived the person of a right secured by the constitution or laws of the United States by committing one or more of the acts charged in the indictment; (2) the defendant acted willfully, that is, he acted voluntarily and intentionally, with the specific intent to do something the law forbids – that is, with a bad purpose to disobey or disregard the law; and (3) the defendant acted under color of law. Fifth Circuit Pattern Jury Instructions Criminal §2.18 (2012) (modified); Fifth Circuit Pattern Jury Instructions Criminal §1.38 (2012) (Willfully)." [*Id.* at p. 3].

In his objection, Warren states that "the unanswered question as to the Bill of Particulars is whether in Count II, the 'willfulness' element is an element of the offense." [Doc. #789 at p. 4]. This objection confounds the Court. The government responded that "knowingly" is the intent required for Count II and "willfully" is that required in Count I. The government basically tracked the language of the redacted second superseding indictment and the Fifth Circuit Pattern Jury Instructions. "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *Ramirez*, 233 F.3d at 323. The Court thus rejects this objection.

Warren next challenges the government's response to Inquiry Nos. 12 and 13. Warren asked the government to provide proposed jury instructions as to Counts I and II. The government responded that it would provide proposed jury instruction on the date directed by the District Court. That is all the government need do at this point, and Warren has not cited this Court to any law – and this Court has found none – to support the argument that the government need provide proposed jury instructions before the deadline established by the District Court. The Court also rejects this

4

objection.

Lastly Warren disputes the sufficiency of the government's response to Inquiry No. 13. Warren seeks to determine how his right to plead Double Jeopardy will be preserved. The government responded that "re-prosecution for the same offense is permitted where, as here, the defendant was convicted at trial but then wins a reversal on appeal." [Doc. #779 at p. 3]. The government noted that it will follow the law and "will only retry Warren for the offenses for which he has previously been convicted by another jury." [*Id.*]. The government maintains that that does not constitute Double Jeopardy.

The objection to this inquiry also confounds the Court. This Court is aware of no case law that would require the government to perform for defense counsel the legal research necessary to educate them on the preservation of a defendant's defenses. The government need not educate Warren as to how to preserve those defenses. Indeed, Warren has already raised the issue of Double Jeopardy in a motion to dismiss pending before the District Court. He has thus preserved the defense. The Court is at a loss as to what more can be done. The Court thus rejects this objection.

Lastly, Warren argues that the Court has not arraigned him on the second superseding indictment. He therefore seeks to object to the lack of a grand jury indictment, raise his Double Jeopardy affirmative defense as to both counts and plead the statute of limitations as a bar to the pending prosecution. Warren's objections are duly noted, and he shall file the appropriate motion before the District Court – should circumstances so warrant – to obtain the relief to which he contends that he is entitled.

### III. Conclusion

**IT IS ORDERED** that the Motion for Bill of Particulars Under Rule 7(f) [Doc. #769] is

DISMISSED AS MOOT and Warren's objections are REJECTED.

New Orleans, Louisiana, this 22nd day of August, 2013.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**