UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-154 |
| DAVID WARREN | SECTION "I" (3) |

REPORT AND RECOMMENDATION

Before the Court is the Ex Parte Motion for Approval of Expert Costs. [Doc. #786]. The District Court referred the motion to this Court under 28 U.S.C. § 636(c). [Doc. #790]. There is no opposition to the motion.

As required by the Court, Warren has submitted an Application to Proceed in the District Court Without Prepaying Fees or Costs. [Doc. #799]. In addition, Warren has submitted the affidavit of his wife, Mary Warren. The Court ordered Warren to submit the documents to verify his allegation of indigence.

The Guide to Judiciary Policy, Volume 7(A), Chapter 3, § 310.10.10(a) provides:

> Investigative, expert, or other services necessary to adequate representation, as authorized by sub-section (e) of the Criminal Justice Act (CJA) (18 U.S.C. 3006(A)) are available to persons who are eligible under the CJA, including persons who have retained counsel but who are found by the Court to be financially unable to obtain the necessary services.

The Criminal Justice Act ("CJA") allows compensation for experts. *See, e.g., Martin v. Dugger*, 708 F. Supp. 1265, 1266 (S.D. Fla. 1989) (explaining the compensation scheme under the CJA). If counsel seeks court approval before retaining the expert, counsel may be compensated up to $2,400.00 for the expert's services. 18 U.S.C. § 3006A(e)(1) & (3). If no prior request is made,

counsel is entitled to compensation up to a maximum of $800.00, unless the Court believes the timely procurement of these services could not await prior authorization, in which case a maximum of $2,400.00 is established. *Id.* § 3006A(e)(2)(A), (B) & (3). The $2,400.00 ceiling can only be exceeded if the Court so certifies and the Chief Circuit Judge approves. *Id.* § 30006A(e)(3). All of these maximums are exclusive of expenses.

Warren seeks $3,500.00 for a review of records, telephonic conferences and the preparation of a report by a defense expert, Vincent J. M. Di Maio, M.D. Warren is completely indigent. Although he retained counsel for trial in this matter, he has been incarcerated for approximately 33 months, has no income, and his counsel now work for no remuneration. [Doc. #799]. His wife attests that what little income they had in savings is long gone, and she and her five children by Warren live on the generosity of friends, family and church members. [*Id.*].

While it appears that Warren did not seek prior approval for Di Maio, the Court finds that the $2,400.00 ceiling should apply to Di Maio. The Court finds that prior approval could not have been obtained most likely because of time pressures. Having observed the materials reviewed by Di Maio as outlined in Warren's motion, the Court finds that the $2,400.00 ceiling is reasonable and that there is no extenuating circumstance that would require deviating (or asking the Chief Circuit Judge to deviate) from the $2,400.00 ceiling.[1] Accordingly,

**IT IS RECOMMENDED** that Ex Parte Motion for Approval of Expert Costs. [Doc. #786]

---

[1] It does not appear from Di Maio's invoice that any of the $3,500.00 sought constitutes expenses.

be GRANTED IN PART to the extent that Di Maio be awarded $2,400.00 in fees.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day September, 2013.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**