UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                              No. 10-154

DAVID WARREN ET AL.                                       SECTION I

ORDER AND REASONS

Defendant, David Warren, has filed a motion[1] to dismiss the second superseding indictment on the basis that it is legally insufficient and the product of vindictive prosecution. The government has filed an opposition.[2] The background of this case is set forth in this Court's prior orders.[3] For the following reasons, the motion is **DENIED**.

**I. Legal Sufficiency of the Indictment**

Warren argues that the second superseding indictment ("indictment"), as amended, is legally insufficient. First, he argues that the indictment is "vague and overbroad"[4] because it is not "specific enough to protect the defendant against a subsequent prosecution for the same offense,"[5] but he fails to apply legal authority to the facts of his case. He concludes with the rhetorical question, "How will it ever be determined whether any new jury conviction was based upon a charge for which Warren was acquitted?"[6] An equally sparse answer suffices to address this point: Any conviction will not

---

[1] R. Doc. No. 768.
[2] R. Doc. No. 776.
[3] *E.g.*, R. Doc. Nos. 727, 763.
[4] R. Doc. No. 768-1, at 3.
[5] R. Doc. No. 768-1, at 3 (quoting *United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999)).
[6] R. Doc. No. 768-1, at 4.

be based upon a charge for which Warren was acquitted because the § 924(j)(1) charge of which he was acquitted has been dismissed.[7]

Warren next argues that the indictment does not provide adequate notice of the charge against him.[8] He contends that he "should not have to await the time of the 'jury charge conference'" to learn the "nature of the intent charge in Counts 1 and 2."[9] The government has already addressed this issue in its response to Warren's motion for a bill of particulars.[10] Moreover, the Court finds, based on the law and the arguments submitted in the briefing, that the indictment "enumerate[s] each *prima facie* element of the charged offense; (2) fairly inform[s] the defendant of the charges filed against him; and (3) provide[s] the defendant with a double jeopardy defense against future prosecutions." *United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996); *see also United States v. McClellan*, 436 F. App'x 479, 487-89 (6th Cir. 2011) (concluding that an indictment amended by removing the § 924(j) component and leaving the § 924(c) component was legally sufficient).

## II. Vindictive Prosecution

Warren additionally argues that the indictment should be dismissed for vindictive prosecution.[11] Warren proceeds on the theory that "there are sufficient facts in the history of this case to give rise to a presumption of vindictiveness."[12]

---

[7]The Court additionally notes that the § 924(j)(2) charge for which he was convicted has also been dismissed.
[8]R. Doc. No. 768-1, at 4.
[9]R. Doc. No. 768-1, at 5.
[10]R. Doc. No. 779; *see also* R. Doc. No. 793 (Knowles, Mag.) (dismissing Warren's motion for a bill of particulars as moot).
[11]R. Doc. No. 768-1, at 5.
[12]R. Doc. No. 768-1, at 6. As the government notes, Warren does not proceed on a theory in which he would attempt to "prove actual vindictiveness by presenting objective evidence that the prosecutor's actions were designed to punish a defendant for asserting his legal rights." *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008)

"The presumption of vindictiveness is a prophylactic rule designed to protect a defendant's due process rights where a danger exists that the government might retaliate against him for exercising a legal right," including the right to appeal. *Saltzman*, 537 F.3d at 359. "The defendant has the burden of proving, by a preponderance of the evidence, prosecutorial vindictiveness." *Id.* "[B]ecause such a presumption may operate in the absence of any proof of an improper motive, courts will apply it only where there exists a realistic likelihood of vindictiveness." *Id.* (quotations omitted).

To determine whether a reasonable likelihood of vindictiveness exists, courts must "'examine the prosecutor's actions in the context of the entire proceedings.'" *Id.* at 359-60 (quoting *United States v. Krezdorn*, 718 F.2d 1360, 1365 (5th Cir. 1983)). No presumption of vindictiveness arises where "any objective event or combination of events in those proceedings should indicate to a reasonable minded defendant that the prosecutor's decision . . . was motivated by some purpose other a vindictive desire to deter or punish appeals." *Id.* at 360 (quoting *United States v. Wells*, 262 F.3d 455, 466–67 (5th Cir. 2001)).

Warren argues that the government is retaliating against him for seeking a severed trial, opposing a manslaughter instruction, seeking release on bond, and exercising his right to appeal.[13] He identifies several events that allegedly demonstrate vindictiveness: (1) the government "threatened" him with the death penalty, (2) the government opposed his motions to sever, (3) the government agreed to a manslaughter instruction, (4) the government opposed his release on bond, (5) the government dismissed the § 924(j) subcomponent of the indictment, and (6) the government

---

[13]R. Doc. No. 768-1, at 7-8.

seeks to introduce the expert testimony of Kris Sperry and Charles Key.[14] The Court considers each in turn and in the full context of the proceedings.

First, with respect to the death penalty, Warren has not identified how the government impermissibly "threatened" him. Second, as to the severance of his trial, the Court finds credible the government's assertion that its argument was "made in good faith."[15] Third, with respect to the lesser-included offense instruction, Warren has again failed to identify how the government's position was vindictive. Fourth, moving on to Warren's bond motion, the Fifth Circuit affirmed this Court's ruling, and Warren has not presented additional evidence that would suggest that the government's position on bond was vindictive. Fifth, as to the dismissal of the § 924(j) component of the indictment, Warren has offered no factual or legal authority for the proposition that the government is changing its theory of the case, or that doing so, in itself, would be impermissible. Sixth, and finally, with respect to the pending motions in limine relative to expert testimony, Warren has failed to identify any case law suggesting that the government must rely on identical witnesses and evidence at a second trial. "Considering the full context of the proceedings, no event or combination of events indicate a reasonable likelihood of vindictiveness is present." *Saltzman*, 537 F.3d at 361; *see also id.* at 360 (citing *United States v. Goodwin*, 457 U.S. 368, 381 (1982)).

---

[14]R. Doc. No. 768, at 8-11.
[15]R. Doc. No. 776, at 8.

**III. Conclusion**

For the foregoing reasons, dismissal of the indictment is not warranted. To the extent that Warren continues to re-urge arguments previously rejected by the Court,[16] those arguments remain unavailing. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, September 30, 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[16] R. Doc. No. 776, at 1 ("David Warren re-urges this Court to dismiss the second superseding indictment . . . . This argument was previously denied by this Court.").