UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 10-154 |
| DAVID WARREN ET AL. | SECTION I |

ORDER AND REASONS

Before the Court is an opposition[1] filed by defendant, David Warren ("Warren"), to the government's notice[2] of intent to introduce intrinsic evidence or, in the alternative, to introduce extrinsic evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. The Court construes the government's notice as a motion to admit such evidence. For the following reasons, the motion is **GRANTED**.

BACKGROUND

Warren is charged with shooting Henry Glover without legal justification on September 2, 2005, while acting under color of law as a police officer with the New Orleans Police Department.[3] Count 1 of the second superseding indictment charges Warren with deprivation of a constitutional right under color of law and through the use of force in violation of 18 U.S.C. § 242.[4] Count 2

---

[1]R. Doc. 844 (incorporating R. Doc. No. 171).

[2]R. Doc. No. 826,

[3]R. Doc. No. 223, at 1.

[4]R. Doc. No. 223, at 1-2; R. Doc. No. 763.

charges him with use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).[5]

The government has filed a notice of intent to offer evidence of the facts surrounding a gunshot that Warren fired from the same location in the direction of a different individual earlier in the day on September 2, 2005.[6]

## LAW AND ANALYSIS

Rule 404(b)(1) of the Federal Rules of Evidence provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) specifies that such evidence may be admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

In order to determine whether "other acts" evidence is admissible, the Court must first determine whether the evidence is intrinsic or extrinsic to the charged crime. *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996). Rule 404(b) only applies to extrinsic other acts. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010).

### I. Intrinsic Evidence

"'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *Id.* (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). Such evidence is admissible to "'complete the story

---

[5]R. Doc. No. 223, at 3.

[6]R. Doc. No. 826, at 1-2.

of the crime by proving the immediate context of events in time and place,' *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996), and to 'evaluate all of the circumstances under which the defendant acted,' *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)." *Id.*

The government seeks to introduce evidence that, on the same date that Warren shot Henry Glover, "Warren and his partner observed a man walking alone across the shopping center's parking lot toward General DeGaulle Drive. The man was not carrying anything and did not appear to have any large or bulky objects. Warren walked over to the balcony area [of the shopping center], pointed his rifle in the direction of the man, and fired one shot. After the shot was fired, the man crouched down, covered his head, and started running down General DeGaulle Drive. When questioned about his actions, Warren provided no legal justification for the shooting, stating, 'Don't worry about it. I shot over his head. I just wanted to see something.'"[7]

The government contends that evidence of this act and evidence of the charged conduct are inextricably intertwined and that the prior shooting provides context for the shooting of Henry Glover later the same morning.[8] According to Warren, "[s]caring off an intruder with a warning shot is not 'inextricably intertwined' with the later shooting of an aggressor in self defense.'"[9]

Before Warren's first trial, the Court concluded that this evidence was not intrinsic.[10] In light of the greater factual detail available to the Court at this juncture, the Court reaches a different conclusion as to this issue.

---

[7]R. Doc. No. 826, at 2. Warren previously testified that he fired a warning shot in the man's direction. R. Doc. No. 570, at 97-99.

[8]R. Doc. No. 826, at 3.

[9]R. Doc. No. 171, at 2.

[10]R. Doc. No. 266, at 6.

The U.S. Court of Appeals for the Fifth Circuit's decision affirming the admission of intrinsic evidence in *United States v. Coleman* is particularly instructive. 78 F.3d at 155-56. In that case, the defendant was charged with and convicted of one count of carjacking in violation of 18 U.S.C. § 2119 and two counts of using and possessing firearms in violation of 18 U.S.C. § 924(c)(1). *Id.* at 155. The charged conduct at issue involved carjacking a Mercedes Benz at 11:00 p.m. on the evening of April 19, 1994. *Id.* at 156-56.  The district court permitted the government to introduce evidence that, earlier in the night, Coleman and two other individuals, who were both also involved in the charged conduct, first followed a Lexus with the intent to carjack it and then attempted to carjack a different Mercedes Benz before ultimately carjacking the Mercedes Benz for which Coleman was charged. *Id.* The Fifth Circuit found that the evidence was intrinsic because it "placed the entire events of the evening in context." *Id.* at 156-57; *see Rice*, 607 F.3d at 141 (characterizing *Coleman*'s holding).

Similarly, in *Rice*, the Fifth Circuit applied *Coleman* in determining that evidence of several unsuccessful robbery attempts and a separate carjacking was intrinsic to charges of conspiracy to commit carjacking in violation of 18 U.S.C. § 371, carjacking and aiding and abetting a carjacking in violation of 18 U.S.C. §§ 2 and 2119(1), and brandishing and aiding and abetting the brandishing of a firearm in relation to a carjacking in violation of 18 U.S.C. §§ 2 and 924(c)(1). 607 F.3d at 137. The evidence at issue related to conduct that occurred on the same day and involved the same group of co-conspirators. *Id.* at 141. The Fifth Circuit observed that intrinsic evidence is admissible to "complete the story of the crime by providing the immediate context of events in time and place" and "to evaluate all of the circumstances under which the defendant acted." *Id.* (quotations omitted); *see also United States v. Carrillo*, 660 F.3d 914, 927-28 (5th Cir. 2011) (quoting *Rice*, 607 F.3d at

141). In *Rice*, the Fifth Circuit concluded that presentation of the previous criminal attempts was intrinsic because it "allowed the government to tell the whole story of a unified criminal episode," and introduction of this evidence "helped the government to paint the picture of a group committed to robbing someone that night and to explain how and why they decided to victimize [the victim]." 607 F.3d at 141.[11]

The Court concludes that the reasoning in *Coleman* and *Rice* applies here. The evidence of the first alleged warning shot provides the "immediate context of events in time and place" and the "circumstances under which the defendant acted" on the day of the charged conduct. *Rice*, 607 F.3d at 141. Accordingly, the evidence that Warren fired an alleged warning shot on the same day that he shot Henry Glover is intrinsic to the charged crimes, and, therefore, not subject to Rule 404(b).

**II. Extrinsic Evidence**

In the alternative, the Court concludes that even if it is considered extrinsic, the evidence is admissible.

If evidence is not "intrinsic," the next question is whether the evidence is admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. Rule 404(b) prohibits the admission of evidence of a crime, wrong, or other act to prove a person's character in order to show that on a particular occasion the person acted in accordance with such character. In *United States v. Beechum*, the Fifth Circuit outlined a two-step test to determine the admissibility of extrinsic evidence of "other acts." 582 F.2d 898, 911 (5th Cir. 1978). "Under *Beechum*, evidence of extrinsic offenses is admissible if it is (1) relevant to an issue other than the defendant's character, and (2) the

---

[11]While *Rice* involved a conspiracy charge, *Coleman* did not. *See United States v. Girod*, 646 F.3d 304, 320 (5th Cir. 2011) (The Fifth Circuit has "given greater latitude in classifying evidence as intrinsic" when a defendant is charged with conspiracy.).

incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant." *United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002).

"'Evidence is relevant if it makes the existence of any fact at issue more or less probable than it would be without the evidence.'" *United States v. Williams*, 957 F.2d 1238, 1244 (5th Cir. 1992) (quoting *Williams*, 900 F.2d at 826). With respect to intent, the relevance of extrinsic conduct "is a function of its similarity to the offense charged," and similarity must be determined with respect to the particular "issue to which the extrinsic offense is addressed." *Beechum*, 582 F.3d at 911.[12] Other acts evidence is relevant "only if the jury can reasonably conclude that the extrinsic act occurred and that the defendant was the actor." *United States v. Bailey*, 111 F.3d 1229, 1233 (5th Cir. 1997).

In making its relevance determination, the Court is not required to make a preliminary finding that an extrinsic act in fact occurred. *Huddleston v. United States*, 485 U.S. 681, 688-89 (1988). The Court may instead admit extrinsic offense evidence under Federal Rule of Evidence 104(b), which requires the Court to "examine[] all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact … by a preponderance of the evidence." *Id.* at 690. The Court has broad discretion to control the order of proof at trial, and it may allow the government to introduce evidence concerning a similar act subject to a later assessment of whether sufficient evidence has been offered to permit the jury to make the requisite finding. *Id.* Only if the government ultimately fails to meet this "minimal standard of proof" must the Court instruct the jury to disregard the evidence that was conditionally admitted. *Id.*

---

[12] "[O]verall similarity is not required," however, "when the offense is introduced to show motive." *Id.* at 911 n.15.

With respect to substantial prejudice, the second part of the *Beechum* test "calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense." *Beechum*, 582 F.2d at 914. Several factors are relevant to this assessment: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013).

**A. Relevance**

In this case, the government seeks to offer the evidence at issue to show Warren's intent as well as his intent, plan, consciousness of guilt, and knowledge.[13] The Court, like the parties, focuses on intent in the following analysis.

1. Whether the Conduct Occurred

Warren argues that, when considered in context, "the warning shot was not a bad act.[14] He cites no legal authority for this argument. To the extent that he intends to present a textual argument that Rule 404(b) does not apply, this misconstrues the Rule, which on its face applies to "other acts" as well as crimes and wrongs. *See also United States v. Randolph*, No. 98-5729, 2000 WL 92263, at *3 (6th Cir. Jan. 18, 2000). Moreover, if Rule 404(b) does not apply because the conduct is not a bad act, then the conduct is admissible subject to the standard Rule 401 and Rule 403 inquiries, which are satisfied here. *United States v. Mason*, No. 11-168, 2012 WL 380325, at *4 (E.D.N.C. Feb. 6, 2012). To the extent that he intends to argue that the government should not be allowed to present evidence that the first shot occurred, "examin[ing] all the evidence in the case," the Court

---

[13]R. Doc. No. 826, at 5; R. Doc. No. 854, at 3.

[14]R. Doc. No. 171, at 4.

concludes that the jury could reasonably find the facts relevant to intent by a preponderance of the evidence. *Huddleston*, 485 U.S. at 690; *Beechum*, 582 F.2d at 914.

### 2. Relevance of Intent

Warren essentially admits that the disputed evidence is relevant to intent,[15] and any argument to the contrary has been waived. Warren only argues that such evidence should not be admitted during the government's case in chief, conceding that it is admissible as rebuttal evidence.[16]

Notwithstanding Warren's waiver, the Court is satisfied that extrinsic evidence is relevant to prove intent with respect to the criminal charges in this case. *See United States v. Brugman*, 364 F.3d 613, 620 (5th Cir. 2004) (affirming 18 U.S.C. § 242 conviction); *United States v. Brown*, 250 F.3d 580, 584-85 (7th Cir. 2001) (same); *see also* United *States v. Endsley*, 190 F. App'x 354, 356-57 (5th Cir. 2006) (affirming § 924(c) conviction).[17] The Court further finds that the conduct at issue relative to the first shot is sufficiently similar to the conduct underlying the charged offense such that extrinsic evidence is relevant to show intent. *See, e.g.*, *Brugman*, 364 F.3d at 620-21.

### 3. Timing of Admission

---

[15]R. Doc. No. 171, at 4 ("[I]t is not a question of whether the evidence can be introduced, but rather when."); *see also* R. Doc. No. 266, at 7. In Warren's more recent memorandum, which emphatically incorporates the earlier one, he includes "intent" in a single sentence to the effect that he "disagrees that the warning shot incident demonstrates motive, plan, consciousness of guilt, knowledge of and intent to shoot Glover." R. Doc. No. 844, at 3. It appears that this passing mention of "intent" may be inadvertent but, in any event, the totality of Warren's briefing on the subject, including the absence of any legal authority or substantive argument as to this point, demonstrates that his waiver has remained constant in both trials.

[16]R. Doc. No. 171, at 4.

[17]Subsequent case law has questioned *Brugman*'s "holding that, in a § 242 felony prosecution involving a constitutional excessive force violation, the § 242 'bodily injury' requirement was the same as that for the constitutional excessive force violation." *United States v. Gonzales*, 436 F.3d 560, 572 (5th Cir. 2006). That holding is not at issue here.

Warren argues that extrinsic evidence may not come in during the government's case in chief.[18] He quotes *Beechum* for the proposition that it is unclear whether "a mere plea of not guilty justifies the Government introducing extrinsic evidence [as to intent] in its case in chief."[19] 582 F.2d at 913.

The *Beechum* court contrasted a mere plea of not guilty with circumstances that indicate in advance whether intent will be at issue. In many cases, "[i]t is only after the defense is presented that the trial judge can know if intent or knowledge or any exception to the exclusion rule is truly a disputed issue in the trial." *United States v. Adderly*, 529 F.2d 1178, 1182 (5th Cir. 1978). However, "[w]here it is evident that intent will be an issue at trial, [the Fifth Circuit has] held the admission of the extrinsic offense as part of the Government's case in chief not to be grounds for reversal."*Beechum*, at 915 (citing *Adderly*, 529 F.2d at 1182).

In this case, "the government [can] anticipate the defense testimony because of the previous trial." *Adderly*, 529 F.2d at 1182; *see also United States v. Barnes*, 254 F. App'x 293, 296 n.4 (5th Cir. 2007). Moreover, Warren admits intent is at issue.[20] Accordingly, the government may present this evidence during its case in chief.

### B. Prejudice

Considering all of the circumstances of this case, the Court finds that the incremental probative value of evidence relative to the firing of the earlier shot is not substantially outweighed by the danger of unfair prejudice to Warren. The probative value of the earlier shooting is relatively

---

[18]R. Doc. No. 171, at 4; *see also* R. Doc. No. 844, at 3.

[19]R. Doc. No. 171, at 4.

[20]R. Doc. No. 171, at 4 ("Intent of course is always an issue . . . .").

high because of the contested issues of intent in this case. *See Kinchen*, 729 F.3d at 473-74. Moreover, the warning shot and the charged offense conduct occurred on the same day and involved the same shooter, the same firearm, and the same location. *See Brugman*, 364 F.3d at 621 (finding "striking similarities" and observing that a six-week span between the extrinsic act and the charged offense is temporally sufficient). While the similarity of some of the circumstances may enhance the risk of prejudice, *Beechum*, 582 F.2d at 915 n.20, limiting instructions will ensure that the jury considers evidence of the extrinsic offense solely for the limited purposes allowed by Rule 404(b). *Kinchen*, 729 F.3d at 473.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED**. Although the Court considers the evidence intrinsic, the Court will rely on its alternative holding and instruct the jury pursuant to Rule 404(b) relative to the introduction of any evidence of a warning shot.

New Orleans, Louisiana, November 8, 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE