# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 10-154** |
| **DAVID WARREN** | **SECTION I** |

## ORDER AND REASONS

Before the Court are submissions from the government and defendant concerning proposed jury instructions. The Court will first address issues pertaining to Count 1 and then address issues pertaining to Count 2.

### I. Count 1

Warren's proposed additions with respect to Count 1 address the willfulness requirement and the acting under color of law requirement.

#### A. Willfulness

Caselaw "demonstrate[s] that within the Fifth Circuit, there is no [single] magic formula for defining 'willfully' in the context of § 242. Rather, the Fifth Circuit has repeatedly affirmed instructions it found to be consistent with the 'teachings' of *Screws* that the term willfully in 18 U.S.C. § 242 implies conscious purpose to do wrong and intent to deprive another of a right guaranteed by the Constitution, federal statutes, or decisional law." *United States v. Melton*, No. 08-107, 2008 WL 5381931, at *3 (S.D. Miss. Dec. 19, 2008) (citations and quotations omitted). With this in mind, the Court turns to Warren's requests relative to the willfulness instruction.

### 1. Evil Motive

At the last trial, the Court defined willfulness as "a bad purpose to disobey or disregard the law."[1] At this trial, Warren seeks an instruction that references "a bad purpose or evil motive to disobey or disregard the law."[2]

The phrase "bad purpose or evil motive" appears in both the 2001 and 2012 pattern jury instructions for 18 U.S.C. § 242.[3] However, simply using the phrase "bad purpose," rather than "bad purpose or evil motive," is a permissible alternative to the pattern instructions. *See United States v. Aguilar*, 242 F. App'x 239, 244 (5th Cir. 2007); *United States v. Garza*, 754 F.2d 1202, 1210 (5th Cir. 1985) (citing *Screws v. United States*, 325 U.S. 91 (1944)). Considering the caselaw, the Court remains persuaded that its previous instruction relative to willfulness remains appropriate in the context of this case.

### 2. Willfully versus Knowingly

Warren also seeks a jury instruction that "'[w]illfully' connotes a higher degree of criminal intent than knowingly. 'Knowingly' requires proof of knowledge of the facts that constitute the offense. 'Wilfully requires proof that the defendant acted with knowledge that his conduct violated the law.'"

---

[1]R. Doc. No. 427-5, at 26.

[2]R. Doc. No. 894, at 4.

[3]The Court notes that the pattern instructions for other circuits do not necessarily include the "evil motive" phrase. *See, e.g.*, Eleventh Circuit Pattern Jury Instructions, General Instruction § 9.1A (Criminal Cases) (2010).

This proposed instruction is taken from the notes associated with the 2012 pattern jury instruction defining "willfulness."[4] The government asserts that such an instruction will confuse the jury as to the mental state at issue and that such an instruction is not necessary in light of the fact that the proposed instructions elsewhere sufficiently define willfulness.[5]

The instructions already provide that, to find Warren acted willfully, the jury must "find that he acted voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law." The Court finds that adding an instruction defining knowingly would not assist the jury because it would merely introduce consideration of a mental state that is not at issue in Count 1.

### 3. Purposely versus Intentionally

Warren requests that the instruction, "you must find that he acted voluntarily and purposely," be replaced with an instruction that "you must find that he acted voluntarily and intentionally."[6]

To support this proposed instruction, Warren cites *Aguilar*, 242 F. App'x at 244, where the Fifth Circuit observed that a district court's instruction, which included the phrase "voluntarily and intentionally," "tracks the language of the Fifth Circuit Pattern Jury instruction." However, both the 2001 and 2012 pattern instructions use the phrase "voluntarily and purposely," rather than "voluntarily and intentionally."[7] Similarly, although Warren correctly states that *United States v. Sipe*, 388 F.3d 471, 479 (5th Cir. 2004), approved of the phrase "voluntarily and intentionally," *Sipe*

---

[4]Fifth Circuit Pattern Jury Instructions (Criminal) § 1.38 (2012).

[5]R. Doc. No. 902, at 2.

[6]R. Doc. No. 894, at 4.

[7]Fifth Circuit Pattern Jury Instructions (Criminal) § 1.38 (2012); Fifth Circuit Pattern Jury Instructions (Criminal) § 1.38 (2001).

relied on *Garza*, and *Garza*, in turn, relies on the 2001 pattern – which included "voluntarily and purposely" as the relevant phrase, rather than "voluntarily and intentionally." *See Sipe*, 388 F.3d at 479 & n.21 (citing *Garza*, 754 F.2d at 1210).

Accordingly, the Court is convinced that the prevailing law in the Fifth Circuit is that the relevant phrase is "voluntarily and purposely," rather than "voluntarily and intentionally."

### 4. Specific Intent

Warren seeks an instruction that "a mere intention to use force that you ultimately find unreasonable – that is, general criminal intent – is insufficient. You are required to find that Warren intended to use unreasonable force; that is, that Warren intended not only the force, but its unreasonableness under the circumstances."[8] He also seeks a jury instruction that to find Warren acted willfully, the jury must find that he acted "with intent to violate a specifically protected right."[9]

The government argues that the proposed instructions "incorrectly imply that Warren must have acted with a specific protected right in mind–namely the right to be free from unreasonable force by a law enforcement officer"– in direct conflict with the instruction that the jury need not find that Warren "was thinking in constitutional terms at the time of the incident."[10]

The jury will be instructed that Warren must have acted with a "bad purpose either to disobey or disregard the law." An instruction that he must have intended to violate a "specifically protected right" may be interpreted by the jury correctly, as an articulation of the specific intent requirement, or it may be interpreted erroneously, to suggest that he must be aware of, for example,

---

[8]R. Doc. No. 894, at 4.

[9]R. Doc. No. 894, at 4.

[10]R. Doc. No. 902, at 2.

-4-

the proper legal name for the right at issue. The language set forth in the pattern instructions relative to specific intent is sufficient, and additional language would only confuse an otherwise-clear instruction in the context of this case.

### B. Under Color of Law

With respect to the "color of law" element, Warren seeks an instruction that acting under color of law means that Warren "was otherwise acting lawfully in carrying out his duties."[11] He does not cite relevant supporting authority. The Court concludes that this proposed instruction is unwarranted for several reasons, including that it suggests that the jury must reach a factual finding not required by 18 U.S.C. § 242.[12]

## II. Count 2

Turning to Count 2, the Court also finds that Warren's proposed modifications are unnecessarily confusing.

### A. Syntactic Modifications

Warren proposes certain modifications that purport to clarify the jury instructions by referring to "willfully depriving Henry Glover of his constitutionally protected right to be free from the use of unreasonable force by a law enforcement officer," for example, as opposed to simply referring to the crime charged in Count 1.[13]

---

[11]R. Doc. No. 894, at 5; R. Doc. No. 898, at 2.

[12]The government aptly points out the purpose of this clause would be to lay a "factual predicate for Warren's inaccurate claim . . . that 924(c) exempts police officers who are 'otherwise acting lawfully in carrying out their duties.'" R. Doc. No. 902, at 5.

[13]R. Doc. No. 894, at 10.

Given the simplicity of the two charges against a single defendant, the Court finds that the extra verbiage would be of minimal to no utility, and may even render the instructions less readable from the jury's perspective.

### B. Statutory Exemption

Warren requests an instruction that a police officer is exempt from § 924(c) when: (1) the officer is authorized to carry the firearm at the time of the underlying crime, and (2) the officer is otherwise acting in the performance of his duties.[14] Relatedly, he requests an instruction that an officer cannot be found guilty pursuant to § 924(c) simply because he was carrying a firearm as part of his general law enforcement duties.[15]

The Court has previously considered Warren's statutory exemption argument and continues to find it unpersuasive. *See United States v. Ramos*, 537 F.3d 439, 456 (5th Cir. 2008). Accordingly, the Court will not adopt Warren's proposed instructions relative to any proposed exemption.

New Orleans, Louisiana, December __10th__, 2013.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[14]R. Doc. No. 894, at 12.

[15]R. Doc. No. 898.